

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
Gerald C. Mann
ATTORNEY GENERAL

May 24, 1939

Honorable Alfred F. Herbelin
Assistant District Attorney
McLennan County
Waco, Texas

Dear Sir:                     Opinion No. O-857
                              Re: May a person who is under
                              21 years of age qualify
                              as a notary public if the
                              requisites as to bond,
                              etc., are fulfilled?

        Your request for an opinion on the above stated
question has been received by this office.

        Your letter reads, in part, as follows:

        "May a person who is under 21 years
        of age qualify as a Notary Public if the
        requisites as to bond, etc. are fullfilled?"

        Constitutional and statutory provisions govern
the appointment of notaries, and an appointment not made
in the prescribed manner is inoperative. By and with the
advice and consent of two-thirds of the Senate, the Gov-
ernor may appoint a convenient number of notaries for
each county, except that the number which may be appoint-
ed must not exceed six for unorganized counties. Appoint-
ments are made during the regular session of the Legis-
lature, but additional notaries may be appointed either
at regular or special sessions. The Constitution and
statutes contain no restrictions as to the age or sex
of notaries. At common law minors were eligible, and in
the absence of a disqualifying provision they are still
eligible. Freeman vs. Port Arthur Rice & Irrigation
Company, 180 S.W. 444; Article 5949, Revised Civil Stat-
utes; Texas Jurisprudence, Volume 31, p. 345.

        We quote from the case of Freeman vs. Port Ar-
thur Rice & Irrigation Company, supra, as follows:

"A. L. Stephens was duly appointed notary, and qualified by executing a bond before the County Clerk of Jefferson County, as required by law, and also taking the oath of office prescribed by the Constitution, and was at the said time, and has been for more than a year, acting as a notary public, and constantly and habitually performed the functions and duties of a notary public in Beaumont, Jefferson County, Texas, but that said A. L. Stephens was then not of age, but was still a minor under 21 years of age. It has been held that there is nothing in the Constitution or statutes in the State of Indiana making minors ineligible to the office of notary, and such office is not a county office within the meaning of the limitation wherein it provides that none but electors shall hold office."

On May 17, 1935, this department held in an opinion addressed to Honorable Gerald C. Mann, Secretary of State, written by Honorable Joe J. Alsup, Assistant Attorney General, that age or sex is not a qualification for a notary public in Texas, and that a person may hold the office of notary public even though she or he is under the age of 21 years.

As above stated, the Constitution and statutes of this State contain no restrictions as to the age or sex of notaries, and in the absence of statutory provisions the common law still rules in Texas.

You are respectfully advised that it is the opinion of this department that a person who is under 21 years of age can qualify as a notary public when the requisites as to bond and oath are fulfilled as required by Article 5951, Revised Civil Statutes, and Article 5953 Revised Civil Statutes.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY  s/s  Ardell Williams
         Ardell Williams
              Assistant

AW,FC,xt

APPROVED:

s/s Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
   Opinion
Committee

By  BWB
   Chairman